O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD HUANG, an individual California resident, on behalf of themselves and all others simlarly situated; ED KIM, an individual California resident, on behalf of themselves and all others simlarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>EBAY, INC., a Delaware corporation; INTUIT INC., a Delaware corporation,<br><br>        Defendants. | Case No. CV 15-05722 DDP (AGRx)<br><br>**ORDER DENYING EX PARTE APPLICATION TO SHORTEN TIME TO HEARING**<br><br>[Dkt. No. 16] |

    Defendants have filed a properly noticed motion to change venue, set for hearing on Sept. 14, 2015, on the ground that there is a similar case pending in the Northern District of California. (Dkt. No. 13.) Defendants have now filed an ex parte application to shorten the time to the hearing. (Dkt. No. 16.) They propose a briefing schedule as follows: Motion to be heard on Aug. 24; Plaintiff's opposition due on Aug. 14; Defendant's reply due Aug. 20. (Id.)

An ex parte application will only be granted for good cause, and only if the evidence shows that "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Here, Defendants have not made the case that their cause will be irreparably prejudiced if the motion to change venue is not heard until Sept. 14. Defendants assert that they will soon file a motion to dismiss and that it would be a duplication of effort and a waste of judicial resources for the Court to consider a motion to dismiss when the case might be transferred soon. However, Defendants have not *yet* filed the motion to dismiss, and any motion they do file will not be set for hearing until after the motion to change venue. The Court's resources will therefore be conserved; if the motion to change venue is successful, the Court will not consider the motion to dismiss.

Defendants' ex parte application is DENIED.


IT IS SO ORDERED.


Dated: August 20, 2015

DEAN D. PREGERSON
United States District Judge

2