Robert A. Mittelstaedt (No. 60359)
ramittelstaedt@jonesday.com
David Kiernan (No. 215335)
dkiernan@JonesDay.com
Craig E. Stewart (No. 129530)
cestewart@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
Intuit Inc.

THOMAS P. BROWN (No. 182916)
tombrown@paulhastings.com
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorney for Defendant
eBay Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BERNARD HUANG, an individual California resident and ED KIM, an Individual California resident, on behalf of Themselves and all others similarly situated,

Plaintiffs,

vs.

EBAY INC., a Delaware corporation, INTUIT INC. a Delaware corporation and Does 1 through 100 inclusive,

Defendants.

**CASE NO. 2:15-CV-05722-DDP-AGR**

**NOTICE OF MOTION AND MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' COMPLAINT**

**Date:** **November 2, 2015**
**Time:** **10:00 am**
**Place:** **Courtroom 3**
**Judge:** **Hon. Dean D. Pregerson**

**Complaint Filed: June 26, 2015**

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that November 2, 2015 at 10 a.m., or as soon thereafter as counsel may be heard, in Courtroom 3 of this Court, located at 312 North Spring Street, Los Angeles, California, before the Honorable Dean D. Pregerson, Defendants eBay Inc. and Intuit Inc. will and hereby do move the Court for an order dismissing plaintiffs' complaint or, in the alternative, striking plaintiffs' class claims.

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6), 12(f), and this Court's inherent powers.

This motion is be based upon (i) this Notice of Motion and Motion, (ii) the Memorandum of Points and Authorities in support thereof, (iii) the accompanying Request for Judicial Notice, (iv) the Declarations and Exhibits in support thereof (v) the pleadings, records, and other papers on file in this action, and (vi) such further evidence or arguments as may be presented at or before the hearing on this motion.

Pursuant to Local Rule 7-3, counsel conferred by phone regarding the motion to dismiss on August 4 and 5, 2015, and agreed to a briefing schedule, which was approved by the Court. Counsel again conferred regarding the motion to dismiss on August 28, 2015.

Dated: September 4, 2015 Jones Day

By:/s/ David Kiernan
David C. Kiernan

Attorneys for Defendant Intuit Inc.

Dated: September 4, 2015 Paul Hastings LLP

By:/s/ Thomas P. Brown
Thomas P. Brown
Attorneys for Defendant eBay Inc.

# TABLE OF CONTENTS


Page

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

INTRODUCTION ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 5

I. LEGAL STANDARDS ..... 5

- A. Motion To Dismiss. ..... 5
- B. Motion To Strike. ..... 5

II. PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS. ..... 5

- A. Plaintiffs' Claims Are Subject To A Four- And Two-Year Statute Of Limitations. ..... 6
- B. Plaintiffs' Claims Accrued At The Time of the Alleged Injury. ..... 6
- C. The Statute of Limitations For Plaintiffs' Claims Expired Many Years Ago. ..... 7
- D. Plaintiffs' Claims Are Not Saved By Any Exception. ..... 7
  1. Plaintiffs' Claims Were Already Time-Barred Long Before *State of California* Was Filed. ..... 8
  2. Plaintiffs' Alleged Delayed Discovery Is Irrelevant to When Their Claims Accrued. ..... 9
  3. Plaintiffs Do Not Adequately Plead a Continuing Violation. ..... 11

III. KIM HAS RELEASED HIS CLAIM AGAINST INTUIT. ..... 14

IV. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIMS INDEPENDENTLY FAIL. ..... 15

V. PLAINTIFFS' CLASS CLAIMS SHOULD BE DISMISSED OR STRICKEN. .......... 16

VI. PLAINTIFFS LACK STANDING TO SEEK PROSPECTIVE EQUITABLE RELIEF. .......... 18

VII. THE DISMISSAL SHOULD BE WITH PREJUDICE. .......... 19

CONCLUSION .......... 19

# TABLE OF AUTHORITIES

**Page**

**CASES**

*American Pipe & Constr. Co.* v. *Utah*,
414 U.S. 538 (1974) ........ 8

*Aryeh v. Canon Business Solutions, Inc.*,
55 Cal. 4th 1185 (2013) ........ 9, 12

*Barrus v. Dick's Sporting Goods, Inc.*,
732 F. Supp. 2d 243 (W.D.N.Y. 2010) ........ 18

*Beavers v. Metro. Life Ins. Co*.,
566 F.3d 436 (5th Cir. 2009) ........ 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 5, 14

*Beneficial Standard Life Insurance Co. v. Madariaga*,
851 F.2d 271 (9th Cir. 1988) ........ 9

*Birdsong v. AT&T Corp.*,
No. 12-6175-TEH, 2013 WL 1120783 (N.D. Cal. Mar. 18, 2013) ........ 4

*Coto Settlement v. Eisenberg*,
593 F. 3d 1031 (9th Cir. 2010) ........ 5

*DC Comics v. Pac. Pictures Corp.*,
938 F. Supp. 2d 941 (C.D. Cal. 2013) ........ 10

*Delodder v. Aerotek, Inc.*,
No. 08-6044-CAS, 2009 WL 3770670 (C.D. Cal. Nov. 9, 2009) ........ 19

*Eidson v. Medtronic, Inc.*,
981 F. Supp. 2d 868 (N.D. Cal. 2013) ........ 10

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) ........ 10

*Gen. Tel. Co. of Sw. v. Falcon*,
457 U.S. 147 (1982) .......... 18

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*,
No. 03-5340-JF, 2005 WL 832398 (N.D. Cal. Mar. 30, 2005) .......... 15

*In re Gilead Scis. Secs. Litig.*,
536 F.3d 1049 (9th Cir. 2008) .......... 5

*In re Lithium Ion Batteries Antitrust Litig.*,
No. 13-2420-YGR, 2014 WL 309192, at *12 (N.D. Cal. Jan. 21, 2014) .......... 13

*In re Pellicano Cases*,
No. BC406605, 2009 WL 4099370 (Cal. Super. Ct. L.A. County, Aug. 28, 2009) .......... 11

*Jimenez v. JP Morgan Chase*,
No. 08-152-W, 2008 WL 2036896 (S.D. Cal. May 8, 2008) .......... 14

*Jolly v. Eli Lilly & Co.*,
44 Cal. 3d 1103 (1988) .......... 8

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042 (9th Cir. 2008) .......... 12

*Knoell v. Petrovich*,
76 Cal. App. 4th 164 (1999) .......... 6

*Korea Kumho Petrochemical v. Flexsys America LP*,
No. 07-1057-MJJ, 2008 WL 686834, at *8 (N.D. Cal. Mar. 11, 2008) .......... 14

*Lazar v. Trans Union LLC*,
195 F.R.D. 665 (C.D. Cal. 2000) .......... 5

*Leadsinger, Inc. v. BMG Music Publ'g*,
512 F.3d 522 (9th Cir. 2008) .......... 19

*Lyons v. Bank of Am., NA*,
No. 11–1232-CW, 2011 WL 6303390 (N.D. Cal. Dec. 16, 2011) .................... 17

*Marder v. Lopez*,
450 F.3d 445 (9th Cir. 2006) .................... 14

*McKelvey v. Boeing North American, Inc.*,
74 Cal. App. 4th 151 (1999) .................... 11

*Nakamoto v. Lockheed Martin Corp.*,
No. 09-5193-JF, 2010 WL 2348634 (N.D. Cal. June 8, 2010) .................... 3

*Norgart v. Upjohn Co.*,
21 Cal. 4th 383 (1999) .................... 11

*O'Connor v. Boeing North Am., Inc.*,
184 F.R.D. 311 (C.D. Cal. 1998) .................... 17

*O'Connor v. Uber Tech., Inc.*,
58 F. Supp. 3d 989, 996 (N.D. Cal. 2014) .................... 15

*Pace Industries, Inc. v. Three Phoenix Co.*,
813 F.2d 234 (9th Cir. 1987) .................... 12

*Rheumatology Diag. Labs., Inc. v. Aetna, Inc.*,
No. 12-5847-WHO, 2013 WL 5694452 (N.D. Cal. Oct. 18, 2013) .................... 15

*Rhynes v. Stryker Corp.*,
No. 10-5619-SC, 2011 WL 2149095 (N.D. Cal. May 31, 2011) .................... 10

*Richards v. Ernst & Young LLP*,
No. 08-4988-JF, 2010 WL 682314 (N.D. Cal. Feb. 24, 2010) .................... 18

*Robbin* v. *Fluor Corp.*,
835 F.2d 213 (9th Cir. 1987) .................... 8

*Roberts v. Target Corp.*,
No. 11-951-HE, 2012 WL 400030 (W.D. Okla. 2012) .................... 18

*Roth v. Rhodes*,
25 Cal. App. 4th 530 (1994) ........ 16

*Ryan v. Microsoft*,
No. 14-4634-LHK, 2015 WL 1738352 (N.D. Cal. April 10, 2015) ........ 7, 9, 13

*Sanders v. Apple, Inc.*,
672 F. Supp. 2d 978 (N.D. Cal. 2009) ........ 16, 17

*Schilling v. Kenton Cnty., Ky.*,
No. 10-143-DLB, 2011 WL 293759 (E.D. Ky. Jan. 27, 2011) ........ 18

*Schwartz v. Upper Deck Co.*,
183 F.R.D. 672 (S.D. Cal. 1999) ........ 16

*SEC v. Sands*,
902 F. Supp. 1149 (C.D. Cal. 1995) ........ 5

*Skinner v. Am. Med. Response Ambulance Serv.*,
No. 10-981-WQH, 2011 WL 839562 (S.D. Cal. Mar. 4, 2011) ........ 14

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
No. 09-560-LJO, 2010 WL 3521979 (E.D. Cal. Sept. 3, 2010) ........ 6

*State of California v. eBay*,
No. 12-5874 (N.D. Cal.) ........ 2

*State of California v. eBay*,
No. 12-5874 (N.D. Cal.) (Davila, J.) ........ passim

*Strohman v. West Coast Grocery Co.*,
884 F.2d 458 (9th Cir. 1989) ........ 15

*Tietsworth v. Sears*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010) ........ 16, 17

*Trazo v. Nestle USA, Inc.*,
No. 12-2292-PSG, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) ........ 18

*Tu-Vu Drive-In Corp. v. Davies*,
66 Cal. 2d 435 (1967) ........ 6

*United States v. Adobe Systems*,
No. 10-01629 (D.D.C. Mar. 17, 2011) ........ 3, 4

*Utility Cost Management v. Indian Wells Valley Water Dist.*,
26 Cal. 4th 1185 (2001) ........ 11

*Wal-Mart Stores, Inc. v. Dukes*,
131 S. Ct. 2541 (2011) ........ 18

*Walsh v. Nev. Dept. of Human Res.*,
471 F.3d 1033 (9th Cir. 2006) ........ 19

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*,
42 Cal. App. 4th 507 (1996) ........ 15, 16

*Wyser-Pratte Mgmt. Co. v. Telxon Corp.*,
No. 2-1105, 2003 WL 25861087 (N.D. Ohio June 4, 2003), *aff'd*,
413 F.3d 553 (6th Cir. 2005) ........ 9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
401 U.S. 321 (1971) ........ 6

**STATUTES**

15 U.S.C. § 1 ........ 4

15 U.S.C. § 15b ........ 6, 9

California Business & Professions Code § 339(1) ........ 6

California Business & Professions Code § 16720 ........ 4

California Business & Professions Code § 16750.1 ........ 6

California Business & Professions Code § 17200 ........ 4

California Business & Professions Code § 17208 ........ 6

California Civil Code § 1542 .......... 4

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure § 12(b)(6) .......... 3

Federal Rule of Civil Procedure § 12(f) .......... 5, 16

Federal Rule of Civil Procedure § 23 .......... 18

Federal Rule of Civil Procedure § 23(a) .......... 18

Federal Rule of Civil Procedure § 23(b) .......... 18

Federal Rule of Civil Procedure § 23(c)(1)(A) .......... 16

Federal Rule of Civil Procedure § 23(d)(1)(D) .......... 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In this antitrust suit, plaintiffs challenge an alleged agreement between eBay and Intuit they claim was entered in 2006. Accepting plaintiffs' allegations as true for purposes of this motion, the agreement allegedly injured them no later than 2007. Yet, plaintiffs did not file suit until eight years later in June 2015. Plaintiffs' claims are barred by the four-year statute of limitations. Plaintiff Ed Kim's claims are also barred because he released them as part of his severance package.

Plaintiffs allege that defendants eBay and Intuit agreed beginning in 2006 to not solicit or hire each other's employees. They assert this agreement reduced the salaries of all eBay and Intuit employees (or at least all software engineers). They also allege that plaintiff Bernard Huang began working at eBay in 2005 and Kim began at Intuit in 2007, both as software engineers. Under their theory, therefore, they were injured no later than 2007 when they were both working for a defendant and allegedly were paid less as a result of the agreement.

Plaintiffs' claims are time-barred. The limitations period on their antitrust claims is four years (and two years on their tortious interference claims). Under settled law, their claims accrued when they first were injured, which means the limitations period expired no later than 2011—long before they finally filed suit in 2015.

In an attempt to justify their delay, Plaintiffs allege that they did not discover their claims until 2014, when they learned that the California Attorney General had filed suit against eBay in 2012 over the same alleged agreement. But it is well-settled that the "discovery rule" does not apply to their antitrust claims. And, as to all of their claims, plaintiffs do not allege any facts showing that they acted diligently in investigating them. Likewise unavailing is their allegation that their complaint "relates back" to the 2012 filing of the Attorney General's suit. Because their claims accrued no later than 2007, the statute had already run long before that

suit was filed. And that suit would not in any event toll the statute for the claims plaintiffs assert here.

Kim's claims against Intuit are also barred by a release he agreed to as part of a severance package he accepted when he left Intuit. The broad language of that release (covering "any and all" claims "relating in any way to your employment") encompasses Kim's claims here and precludes his suit.

In short, plaintiffs have alleged no basis for suing now over a nearly decade-old alleged agreement. Neither the Attorney General suit (on which they now seek to capitalize) nor their alleged ignorance of their claims justifies their delay. The complaint should be dismissed.[1]

## BACKGROUND

Plaintiffs allege that they are two former software engineers at eBay and Intuit. Compl. ¶¶ 14, 16. Copying the allegations of a complaint the California Attorney General filed against eBay in 2012 (*State of California v. eBay,* No. 12-5874 (N.D. Cal.)), they allege that eBay and Intuit entered into a non-solicit and no-hiring agreement related to "software engineers and other similar tech employees." *Id*. ¶¶ 1, 2. They assert that this agreement harmed employees "by lowering salaries and benefits, stifl[ing] mobility, and depriv[ing] these employees of better opportunities at the other company." *Id.* ¶ 1.

Plaintiffs assert on information and belief that the conspiracy began in 2006 and that it lasted "at least until an undetermined time between 2009 and 2013, and possibly beyond." *Id.* ¶ 22. They do not allege any facts supporting these

---

[1] On August 4, 2015, defendants moved to transfer this case to the Northern District of California, because (1) a case challenging the same conduct challenged in this case under the antitrust laws is pending there (*State of California v. eBay*, No. 12-5874 (N.D. Cal.) (Davila, J.)) and (2) most of the parties, witnesses and evidence are located there. *See* Dkt. 13. In its August 20 order (Dkt. 19), this Court indicated its intent to rule on the transfer motion before addressing this motion. Defendants agree that proceeding in that fashion would be most efficient.

conclusory allegations. Moreover, the conclusory allegations are contradicted by the facts they do cite. For example, the *State of California* complaint alleged only that the conspiracy continued into 2009. *See* Request For Judicial Notice In Support Of Motion To Dismiss And To Strike Plaintiffs' Complaint ("RJN"), Ex. 1, ¶¶ 18, 41 & 47. And the expert report plaintiffs cite from *State of California* concluded that the damage period ended in 2010. RJN, Ex. 3, p. 15. Finally, since March 2011, Intuit has been subject to a court order in *United States v. Adobe Systems*, No. 10-01629 (D.D.C. Mar. 17, 2011), that prohibits it from entering into or enforcing any agreement that improperly limits competition for employee services. *Id.* Dkt. No. 1 ¶ 9.

Huang alleges that he worked at eBay from 2005 to 2007, and that Intuit recruited him in 2007 but did not hire him. Compl. ¶ 14. He does not claim that he worked for either eBay or Intuit after 2007. Nor does he allege any other facts suggesting that he could have been injured by the alleged eBay-Intuit agreement after 2007.

Kim alleges that he worked at Intuit from 2007 to 2012. *Id.* ¶ 16. He asserts that he applied for a job at eBay in 2012, but was not selected for an interview. *Id.* In fact, Kim's employment at Intuit was terminated in December 2011 (before he was allegedly not selected by eBay), when Kim was given a severance package and in exchange signed a waiver and general release of claims as to Intuit. *See* RJN, Ex. 4, ¶ 8.[2] The release stated that Kim released Intuit "from any and all existing

---

[2] As explained in the accompanying RJN, where a "plaintiff fails to introduce a pertinent document as part of his pleading, the defendant may introduce the exhibit as part of his motion attacking the pleadings." *Nakamoto v. Lockheed Martin Corp.*, No. 09-5193-JF, 2010 WL 2348634, at *5 (N.D. Cal. June 8, 2010) (finding that, while a release was not referred to in the complaint, the court could consider it on a motion to dismiss because it could bar plaintiffs' claims for relief and it would be unfair to allow plaintiffs to survive a Rule 12(b)(6) motion because they "deliberately omit[ed] references to documents upon which their claims are

(continued)

claims, demands, causes of action, damages and liabilities, known or unknown, that you ever had, now have, or may claim to have had arising out of, or relating in any way to your employment or non-employment with the Company" *Id.* To make clear that it extended to "unknown claims," the release expressly referred to and waived any benefits under California Civil Code section 1542. *Id.* Ex. 4, ¶ 9.

Plaintiffs purport to bring their lawsuit as a class action. Their complaint, however, contains none of the allegations necessary to support a class action, including allegations that the plaintiffs' claims are typical of those of the alleged class members, that they are adequate representatives, that common issues predominate over individual issues, or that a class action would be the superior method for resolving their claims. Equally important, the complaint is vague and inconsistent regarding the scope of the alleged class. Plaintiffs do not provide any formal class definition. Instead, at one point, they assert that they are suing on behalf of "current and former" eBay and Intuit employees, without any limit to job type, compensation type (salary, hourly, commission, etc.), geographic scope, or time period. Compl. ¶ 1. Later, they assert that the alleged agreement was limited to "software engineers and other similar tech employees," and they refer to the class as consisting of "former Intuit and eBay software engineers." *Id.* ¶ 6.

Plaintiffs assert claims under the federal Sherman Act (15 U.S.C. § 1), the California Cartwright Act (Cal. Bus. & Prof. Code § 16720), and the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200). They also assert tort claims for intentional and negligent interference with prospective economic advantage.

---

based."); *Birdsong v. AT&T Corp.*, No. 12-6175-TEH, 2013 WL 1120783, at *2 (N.D. Cal. Mar. 18, 2013) (release integral to allegations in complaint, and therefore subject to judicial notice, because plaintiff "would have no valid claims unless the release agreement did not bar them").

## ARGUMENT

### I. LEGAL STANDARDS

#### A. Motion To Dismiss

To survive a motion to dismiss, the complaint must contain "enough facts to state a claim of relief that is plausible on its face." *Coto Settlement v. Eisenberg*, 593 F. 3d 1031, 1034 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). The Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). A plaintiff must "provide the grounds of his 'entitle[ment] to relief' . . . [which] requires more than labels and conclusions, and a formulaic recitation of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

#### B. Motion To Strike.

A court may strike under Federal Rule of Civil Procedure 12(f) "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The grounds for a motion to strike must appear on the face of the complaint or from matter the court may judicially notice. *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995); *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)).

### II. PLAINTIFFS' CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS.

On their face, plaintiffs' claims are time-barred. The alleged agreement was entered nearly a decade ago, and allegedly began injuring plaintiffs at least eight

years ago—well outside the limitations period. No tolling or other equitable exception to the limitations bar applies.

**A. Plaintiffs' Claims Are Subject To A Four- And Two-Year Statute Of Limitations.**

Plaintiffs' statutory claims—Sherman Act, Cartwright Act, and UCL—are each governed by a four-year statute of limitations. 15 U.S.C. § 15b ("Any action to enforce any cause of action under section 15, 15a, or 15c of this title shall be forever barred unless commenced within four years after the cause of action accrued."); Cal. Bus. & Prof. Code § 16750.1 ("Any civil action to enforce any cause of action for a violation of this chapter shall be commenced within four years after the cause of action accrued."); Cal. Bus. & Prof. Code § 17208 ("Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued.").

The limitations period for plaintiffs' claims for intentional and negligent interference with prospective business advantage is two years. Cal. Code Civ. Proc. § 339(1); *Tu-Vu Drive-In Corp. v. Davies*, 66 Cal. 2d 435, 437 (1967); *Knoell v. Petrovich*, 76 Cal. App. 4th 164, 168 (1999).

**B. Plaintiffs' Claims Accrued At The Time of the Alleged Injury.**

Under the Sherman Act, plaintiffs' claims began to accrue at the time defendants allegedly injured them. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971) ("Generally, [an antitrust cause] of action accrues and the statute begins to run when a defendant commits an act that injures a plaintiff's business. . . ."); *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, No. 09-560-LJO, 2010 WL 3521979, at *13 (E.D. Cal. Sept. 3, 2010) ("[T]he statute of limitation begins to run at the time the injurious act was committed, even if the act inflicts injury over a prolonged period of time.").

A similar rule applies to plaintiffs' California claims. Under California law, the default accrual rule is the "last element rule," under which a claim accrues

"when [it] is complete with all of its elements'—those elements being wrongdoing, harm, and causation." *Ryan v. Microsoft*, No. 14-4634-LHK, 2015 WL 1738352, at *15 (N.D. Cal. April 10, 2015) (citing *Pooshs v. Philip Morris USA, Inc.,* 51 Cal. 4th 788, 797 (2011) (quoting *Norgart v. Upjohn Co*., 21 Cal. 4th 383, 397 (1999)).

**C. The Statute of Limitations For Plaintiffs' Claims Expired Many Years Ago.**

Plaintiffs allege Intuit and eBay entered the unlawful agreement in 2006. Compl. ¶¶ 2, 21, 22, 33, 41. Because Huang alleges that he was employed at that time by eBay and further alleges that the agreement reduced benefits and wages for all employees, his claim accrued in 2006 when the agreement allegedly began. It was at that point that he suffered injury. *See Ryan,* 2015 WL 1738352, at *12, *16 (finding that employees' claims of reduced salaries resulting from agreement among defendants not to recruit each other's employees accrued when the employee began to work for a defendant during the alleged conspiracy period). His statutory claims were thus barred no later than 2010 and his tort claims no later than 2008.

Kim alleges that he began working for Intuit in 2007, when the alleged agreement was already in effect. His statutory and tort claims were thus barred no later than 2011 and 2009, respectively.

For both plaintiffs, therefore, the limitations period had long since run by the time they filed their lawsuit on June 26, 2015.

**D. Plaintiffs' Claims Are Not Saved By Any Exception.**

Plaintiffs attempt to save their claims by alleging (1) that the filing of *State of California* tolled the statute, and (2) that they were not aware of their claims until they learned of the settlement in *State of California*. Compl. ¶¶ 15-17. Neither argument has any merit. Nor is plaintiffs' suit saved by their conclusory allegation that the alleged agreement "possibly" lasted until 2013 or later.

### 1. Plaintiffs' Claims Were Already Time-Barred Long Before *State of California* Was Filed.

Plaintiffs' allegation that their claims "relate back to the filing of the *State of California v. eBay, Inc.* case" (Compl. ¶ 17) fails for at least two reasons.

***First***, even if relation back were otherwise proper, it would not help plaintiffs because their claims were already barred before *State of California* was filed. That case was filed on November 16, 2012. *See* RJN, Ex. 1. But, as discussed, the limitations period had run for both plaintiffs no later than 2011. *See Beavers v. Metro. Life Ins. Co*., 566 F.3d 436, 441 (5th Cir. 2009) (holding that tolling does not "resurrect expired claims").

***Second***, no basis exists in any event for tolling the statute based on *State of California.* Plaintiffs are presumably trying to invoke the principle that a class action tolls the limitations period for claims by absent class members. *See American Pipe & Constr. Co.* v. *Utah,* 414 U.S. 538 (1974); *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103 (1988). But that principle tolls the statute only for subsequent *individual* actions, not for class actions of the kind plaintiffs seek to assert here. *Robbin* v. *Fluor Corp.,* 835 F.2d 213, 214 (9th Cir. 1987). And tolling is proper only as to the claims that were asserted in the previous action. *See Jolly*, 44 Cal. 3d at 1125 (denying tolling where the earlier class action sought only declaratory and injunctive relief, but not damages, on behalf of the class). Here, *State of California* was originally brought only as an action by the State seeking declaratory and injunctive relief and civil penalties. RJN, Exhibit 1, ¶¶ 9-10, Prayer ¶¶(A)-(G). The Attorney General did not purport to bring the case as a class action and did not seek any monetary relief on behalf of employees. It was not until May 5, 2014, when the Attorney General filed its Third Amended Complaint, that the Attorney General asserted for the first time a claim in *parens patriae* for damages on behalf

of employees. RJN, Exhibit 3, ¶¶ 10, 59. At best, therefore, any tolling began only from that date.[3] Again, plaintiffs' claims were time-barred long before then.[4]

### 2. Plaintiffs' Alleged Delayed Discovery Is Irrelevant to When Their Claims Accrued.

Equally unavailing is plaintiffs' allegation that they did not discover their claims until they received notice of the settlement in *State of California*. Compl. ¶¶ 16, 17.

As to plaintiffs' antitrust and UCL claims, the law is settled that the running of the statute does not depend on when the plaintiff "discovers" that he or she has a claim. As the Ninth Circuit explained in *Beneficial Standard Life Insurance Co. v. Madariaga*, 851 F.2d 271, 274–75 (9th Cir. 1988), "in [antitrust] actions governed by 15 U.S.C. § 15b, the plaintiff's knowledge is generally irrelevant to accrual, which is determined according to the date on which injury occurs." *See also Ryan*, 2015 WL 1738352, at *12.

Similarly, no authority exists applying the discovery rule to the Cartwright Act or unfair competition claims under the UCL. The default "last element" rule thus governs. *See Ryan*, 2015 WL 1738352, at *16 (discovery rule does not apply to Cartwright Act or to UCL claims asserting anticompetitive conduct).

Even if the discovery rule applied here, plaintiffs' allegations would still be insufficient to satisfy it. "The discovery rule, where applicable, postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." *Aryeh v. Canon Business Solutions, Inc.*, 55 Cal. 4th 1185, 1192 (2013).

---

[3] As discussed below (*infra*, p. 18), as former employees, plaintiffs do not have standing to assert any claim for injunctive and declaratory relief.

[4] As to Intuit, tolling is also improper because Intuit was not named a defendant in *State of California*. *See Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, No. 2-1105, 2003 WL 25861087, at *7 (N.D. Ohio June 4, 2003), *aff'd*, 413 F.3d 553 (6th Cir. 2005) ("The case law is clear . . . that American Pipe tolling does not apply to parties that were not named in the class action complaint.") (citing cases).

However, where (as here) a plaintiff's "complaint shows on its face that his claim would be barred without the benefit of the discovery rule, [the plaintiff] must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005). Moreover, "in assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show diligence; conclusory allegations will not withstand demurrer." *Id*. (internal citations omitted).

Here, plaintiffs have not pleaded any facts to show that they were unable to discover their claims earlier or that they were diligent in investigating potential claims. Their only allegation is that they were unaware of their claim until they received notice of the settlement in *State of California*. That bare allegation is insufficient. *See Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 893 (N.D. Cal. 2013) (plaintiffs' failure to plead specific facts invoking the discovery rule required dismissal because "'[f]ormal averments or general conclusions to the effect that the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discovery, are useless'"); *Rhynes v. Stryker Corp.*, No. 10-5619-SC, 2011 WL 2149095, at *2 (N.D. Cal. May 31, 2011) (refusing to apply discovery rule where plaintiff "has not pleaded specific facts to show the manner in which she discovered her injury or her inability to have discovered earlier").

Unlike plaintiffs' statutory claims, the discovery rule has been held to apply to plaintiffs' tortious interference claims. *E.g., DC Comics v. Pac. Pictures Corp.*, 938 F. Supp. 2d 941, 950 (C.D. Cal. 2013). But those claims are nonetheless time-barred for at least two reasons. First, as just discussed, plaintiffs have not sufficiently pled that they acted diligently and could not have discovered their claims earlier. Second, the filing of *State of California* in November 2012, and the

attendant widespread publicity in local and national media,[5] put plaintiffs on notice of their claims no later than as of that date. Because their complaint was not filed within the following two years, their tort claims are barred. *See Utility Cost Management v. Indian Wells Valley Water Dist.*, 26 Cal. 4th 1185, 1197 (2001) (rejecting application of the discovery rule to a claim for refund of an assertedly excessive charge, when the basis for the plaintiff's claim could have been discovered by means of the public reporting requirements that were imposed by statute on the defendant); *Norgart*, 21 Cal. 4th at 408-09 n.7 (relying upon press coverage in rejecting the plaintiffs' claim that, because they had no actual or constructive suspicion concerning a defendant's culpability, they could not have amended their complaint to name the defendant within the period of limitations); *McKelvey v. Boeing North American, Inc.*, 74 Cal. App. 4th 151, 160-61 & n.11 (1999) (referring to publicity as a basis for rejecting tolling under a statutory discovery rule); *In re Pellicano Cases*, No. BC406605, 2009 WL 4099370 (Cal. Super. Ct. L.A. County, Aug. 28, 2009) (declining to apply the discovery rule where previous lawsuits should have put plaintiffs on notice to investigate their claims).

**3. Plaintiffs Do Not Adequately Plead a Continuing Violation.**

Plaintiffs' allegation that the alleged conspiracy continued into 2013 or later likewise does not salvage their claims.

---

[5] *See, e.g.*, RJN, Ex. 5 available at http://www.mercurynews.com/ci_22012192/feds-sue-ebay-secret-anti-poaching-deal-intuit; RJN, Ex. 6 available at http://www.sfgate.com/technology/article/State-feds-sue-eBay-over-hiring-pact-4045486.php; RJN, Ex. 7 available at http://www.nytimes.com/2012/11/17/business/ebay-and-intuit-named-in-federal-antitrust-lawsuit.html; RJN, Ex. 8 available at http://www.bloomberg.com/news/articles/2012-11-16/ebay-sued-by-u-s-over-recruiting-accords-with-intuit; and RJN, Ex. 9 available at http://www.telegraph.co.uk/finance/newsbysector/mediatechnologyandtelecoms/digital-media/9684728/US-sues-eBay-over-Intuit-employees.html.

As to Huang, the allegation is irrelevant because he alleges he stopped working for eBay in 2007, and he does not claim that he has worked for either eBay or Intuit since then. Thus, even if the alleged agreement had been in effect until 2013, it could not possibly have affected him at any point after 2007. On that basis alone, his claims are time-barred.

Kim alleges that he "worked at Intuit from 2007 to 2012" and that he was not selected for a job interview with eBay in 2012. Compl. ¶ 16. As noted (*supra*, p. 3), Kim signed a waiver and general release of claims as to Intuit when he left the company. This release states that his termination date was December 15, 2011. *See* RJN, Ex. 4, ¶ 1. Kim thus was not even employed at Intuit in 2012 when he claims he applied for the eBay job and his non-selection thus could not have been result of the conspiracy he alleges.

But, even if Kim had been employed at Intuit in 2012, the complaint would still be insufficient. Plaintiffs allege no facts to support their allegation that the alleged conspiracy was in effect in 2012 or at any other time within four years of their filing date. To plead a continuing violation that extends into the limitations period, plaintiffs must allege (1) a new and independent act that is not merely a reaffirmation of a previous decision that (2) inflicts "new and accumulating" injury on the plaintiff. *Pace Industries, Inc. v. Three Phoenix Co.*, 813 F.2d 234, 238 (9th Cir. 1987); *see also Aryeh,* 55 Cal. 4th at 1192, 1197. And plaintiffs must allege facts—not merely conclusory statements—that answer the "basic questions," including "who, did what, to whom (or with whom), where, and when?" *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048 (9th Cir. 2008).

Plaintiffs fail to allege any facts—let alone any facts amounting to an independent act—showing that the agreement continued in force into the limitations period. They do not identify any e-mails, telephone calls or other communications between the defendants during that period regarding limitations on recruiting or

hiring between the companies. Nor do they identify any internal discussions on that subject at either defendant.

In fact, plaintiffs allegations are contrary to the facts they do allege. As noted, the *State of California* complaint—from which much of plaintiffs' complaint is taken verbatim and which is the obvious source of plaintiffs' purported "information and belief"— alleges that the conspiracy ended in 2009 and refers to no communications on the issue past 2009, and the State's expert concluded the conspiracy did not extend past 2010. *See supra,* p. 3.

Similarly, even if Kim had still been employed at Intuit in 2012, his alleged non-selection for a job interview at eBay is not evidence of a continuing conspiracy Job applicants are not selected for interviews every day. To support a conspiracy claim, Kim must show that he was not selected ***because*** of a conspiracy, as opposed to the myriad of other reasons an applicant might be rejected without an interview, including that he was not qualified, other applicants were better qualified, or eBay had no openings in the position Kim wanted. Kim alleges no such facts.

The court in *Ryan v. Microsoft* recently rejected claims of a continuing violation in just these circumstances. There, the plaintiff alleged that Microsoft and other high-tech companies agreed in 2007 not to recruit each other's employees. 2015 WL 1738352, at *13. Because they did not file suit until 2014, plaintiffs relied on the continuing violation doctrine to argue that their claims were timely. They asserted that Microsoft had continued to act illegally by "adhering to, enforcing, and reaffirming the anticompetitive agreements." *Id*. The court, however, rejected that claim on the ground that the complaint was bereft of any allegations of wrongful communications or other specific conduct showing that Microsoft committed any new or independent acts within the limitations period. *Id*. at *14. The same is true here. *See also, e.g., In re Lithium Ion Batteries Antitrust Litig.*, No. 13-2420-YGR, 2014 WL 309192, at *12 (N.D. Cal. Jan. 21, 2014) (rejecting class period before 2002 where there was a "dearth of meetings alleged ...

in the years 2000 and 2001 and plaintiffs "alleg[ed] only in conclusory fashion that meetings occurred in those years"); *Korea Kumho Petrochemical v. Flexsys America LP,* No. 07-1057-MJJ, 2008 WL 686834, at *8 (N.D. Cal. Mar. 11, 2008) (rejecting allegation that the "conspiracy extended into 2005 and beyond" as not "supported by factual allegations in the [complaint] that meet the *Twombly* standard").

In sum, plaintiffs have pled no facts or theory under which the statute of limitations may be tolled. Their claims should accordingly be dismissed as time-barred.

**III. KIM HAS RELEASED HIS CLAIM AGAINST INTUIT.**

Kim's claim against Intuit is additionally and independently barred because he has released his claims.

As discussed, when Kim left Intuit in 2012, he signed a broad release as part of his severance package that released any and all claims, "known or unknown . . . arising out of, or relating in any way to [his] employment." RJN, Ex. 4 at ¶ 8. This release bars Kim's claims. His claim that Intuit entered an agreement that resulted in lower pay and fewer employment opportunities while he was employed at Intuit is "related" to his employment at Intuit. It thus falls within the express language of the release.

Because it covers his current allegations, the release is "fatal" to each of Kim's causes of actions. *Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006) (dismissing a complaint where the plaintiff had previously signed a release regarding her claims); *Jimenez v. JP Morgan Chase*, No. 08-152-W, 2008 WL 2036896, at *4 (S.D. Cal. May 8, 2008) (granting motion to dismiss because release signed in exchange for severance barred not only plaintiffs' wage and hour claims, but also his unfair competition claims); *Skinner v. Am. Med. Response Ambulance Serv.*, No. 10-981-WQH, 2011 WL 839562, at *4 (S.D. Cal. Mar. 4, 2011) (holding that a former employee released discrimination and UCL claims when he settled a

previous workman's compensation case because the release "state[d] that issues related to Plaintiff's 'employment' were included in the settlement"). To be effective, a release need not specifically refer to any particular cause of action. *Strohman v. West Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1989) ("Contrary to the district court's conclusion, an agreement need not specifically recite the particular claims waived in order to be effective.").

## IV. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIMS INDEPENDENTLY FAIL.

Plaintiffs' tortious interference claims also fail because plaintiffs have not identified an actionable "economic relationship between [themselves] and some third party, with the probability of future economic benefit to the plaintiff." *See O'Connor v. Uber Tech., Inc*., 58 F. Supp. 3d 989, 996 (N.D. Cal. 2014) (identifying an existing economic relationship as an essential element of intentional interference claim); *Rheumatology Diag. Labs., Inc. v. Aetna, Inc.*, No. 12-5847-WHO, 2013 WL 5694452, at *21 (N.D. Cal. Oct. 18, 2013) (element also applies to negligent interference claim).

The relationship at issue here, as alleged in the Complaint, was plaintiffs' opportunity "to apply at, be recruited by, and have the opportunity to switch jobs from eBay or Intuit, to the other, which would have resulted in a business advantage to Plaintiffs." Compl. ¶¶ 47, 58. But this purported opportunity was not an "existing noncontractual" relationship from which plaintiffs sought "future economic advantage;" it was simply "speculative expectation that a potentially beneficial relationship will eventually arise." *See, e.g., Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*, 42 Cal. App. 4th 507, 524 (1996). The "relationships" alleged here are merely potential job opportunities with a speculative hope that plaintiffs would ultimately have prevailed as the best among many candidates for any job opening. Such "relationships" are insufficient to support a tortious interference claim. *See Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No.

03-5340-JF, 2005 WL 832398, at *8 (N.D. Cal. Mar. 30, 2005) ("allegations that amount to a mere 'hope for an economic relationship and a desire for future benefit' are inadequate to satisfy the pleading requirements" for tortious interference.) (internal citations omitted); *see also Westside*, 42 Cal. App. 4th at 527 (noting that "lost opportunities" should not be compensable through tortious interference claims, because they are "at most a hope for an economic relationship and a desire for future benefit" not an existing relationship with probable benefit); *Roth v. Rhodes*, 25 Cal. App. 4th 530, 546 (1994) (holding that plaintiff failed to allege existing relationship because prospect of gaining future patients was merely speculative).

## V. PLAINTIFFS' CLASS CLAIMS SHOULD BE DISMISSED OR STRICKEN.

The foregoing shows that the complaint should be dismissed in its entirety. Even if plaintiffs had stated a valid claim, however, their class allegations would have to be stricken. "Under Rules 23(c)(1)(A) and 23(d)(1)(D), as well as pursuant to Rule 12(f), this Court has authority to strike class allegations before discovery if the complaint demonstrates that a class action cannot be maintained." *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (granting motion to strike). Courts strike class allegations at the pleading stage "to avoid the expenditures of time and money that must arise from litigating spurious issues." *Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990–91 (N.D. Cal. 2009).

The class allegations here should be stricken because they are unintelligible and because, to the extent any class is alleged at all, it is facially overbroad. As discussed above, plaintiffs do not offer any single, precise definition of the proposed class. Instead, they simply refer in passing to the class as "current and former employees of eBay . . . and Intuit" (Compl. ¶ 1) or as "former Intuit and eBay software engineers." *Id.* ¶ 6. These varying formulations are too imprecise to support class certification. *See Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-

680 (S.D. Cal. 1999) ("the class must be adequately defined and clearly ascertainable before a class action may proceed"); *O'Connor v. Boeing North Am., Inc.,* 184 F.R.D. 311, 319 (C.D. Cal. 1998) (the class definition should be "'precise, objective, and presently ascertainable'") (quoting Manual for Complex Litigation, Third § 30.14, at 217 (1995)).

They are also impermissibly overbroad. A class of all "current and former employees" necessarily includes countless employees with no possible claim, including employees who worked at the companies only either before or after the alleged agreement was in effect, or employees in job categories that could not possibly have been affected by an agreement restricting recruiting of "software engineers or other similar tech employees." Compl. ¶ 1. Similarly, a class of all "former . . . software engineers" would include numerous employees who either left before the alleged agreement came into effect or who came and went only after it ceased.

Courts have often stricken class allegations on the ground that the plaintiffs' proposed class definition is facially overbroad because, for example, it includes persons who were not injured. *See, e.g.*, *Lyons v. Bank of Am., NA,* No. 11–1232-CW, 2011 WL 6303390, at *7 (N.D. Cal. Dec. 16, 2011) (granting motion to strike where "the proposed class includes many members who have not been injured"); *Tietsworth,* 720 F. Supp. 2d at 1146 (striking class allegations where the proposed class included individuals who had no problems with the purportedly defective product); *Sanders,* 672 F. Supp. 2d at 991 (striking class allegations because the proposed class definition "necessarily includes individuals who did not purchase" the product at issue or who did not see the challenged advertising). This Court should do the same here.

The class allegations should also be stricken because plaintiffs have made no attempt to plead the existence of any of the requirements for class certification, including that their claims are typical of the alleged class, that they are adequate

representatives, that common issues exist, or that common issues predominate. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (noting that where a complaint lacked any "specific presentation identifying questions of law or fact that were common to the class" it was error for the district court to presume that plaintiff's claim was typical of the class and stating that "[s]ometimes the issues are plain enough from the pleadings…" ); *Trazo v. Nestle USA, Inc.*, No. 12-2292-PSG, 2013 WL 4083218 (N.D. Cal. Aug. 9, 2013) (reconsidered on other grounds) (holding that a complaint must "make a prima facie showing that Fed. R. Civ. P. 23(a) and 23(b) can be satisfied" and striking class allegations where the face of the complaint failed to show typicality, ascertainability, or commonality); *Roberts v. Target Corp.*, No. 11-951-HE, 2012 WL 400030, at *1 (W.D. Okla. 2012) (granting motion to dismiss class allegations where complaint "contains no facts in support of any of the elements of a class action claim under Rule 23"); *Schilling v. Kenton Cnty., Ky.*, No. 10-143-DLB, 2011 WL 293759 (E.D. Ky. Jan. 27, 2011) (dismissing class allegations for failing to define a class that could be ascertained in an objective manner and for failing to satisfy Fed. R. Civ. P. 23(a) prerequisites); *Barrus v. Dick's Sporting Goods, Inc.*, 732 F. Supp. 2d 243 (W.D.N.Y. 2010) (dismissing a class complaint for failing to satisfy Rule 23's commonality requirement).

## VI. PLAINTIFFS LACK STANDING TO SEEK PROSPECTIVE EQUITABLE RELIEF.

Plaintiffs purport to seek injunctive and declaratory relief. Compl. ¶ 44, Prayer ¶ 7. These claims must be stricken because, as former employees of the defendants, plaintiffs do not have standing to seek such remedies. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2560 (2011) (former employees "have no . . . need for prospective relief"); *Richards v. Ernst & Young LLP*, No. 08-4988-JF, 2010 WL 682314, at *3 (N.D. Cal. Feb. 24, 2010) (holding that former employee lacks standing to seek injunctive relief in wage class action regardless of whether

current employees are included in putative class); *Delodder v. Aerotek, Inc.,* No. 08-6044-CAS, 2009 WL 3770670, at *3 (C.D. Cal. Nov. 9, 2009) (striking request for injunctive relief: plaintiffs "lack standing to seek prospective relief under the UCL because plaintiffs do not dispute that they are no longer employees of defendant, and thus, they cannot demonstrate 'a real or immediate threat of irreparable injury' by defendant's employment practices"); *Walsh v. Nev. Dept. of Human Res*., 471 F.3d 1033, 1037 (9th Cir. 2006) (former employees lack standing to seek injunctive relief because they would not stand to benefit from it).

## VII. THE DISMISSAL SHOULD BE WITH PREJUDICE.

A complaint may be dismissed with prejudice if amendment would be futile. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). That is the circumstance here. The complaint on its face shows that plaintiffs' claims are time-barred because the conspiracy allegedly began over nine years ago and both plaintiff's alleged injuries began to be incurred no later than a year after the conspiracy began. Similarly, Kim's claims are additionally barred as to Intuit because he incontrovertibly released them. No amendment can cure these defects.

## CONCLUSION

Plaintiffs' complaint should be dismissed with prejudice.

Respectfully submitted,

Dated: September 4, 2015

Jones Day

By: /s/ David C. Kiernan
David C. Kiernan

Attorneys for Defendant
Intuit Inc.

Dated: September 4, 2015

Paul Hastings LLP

By: /s/ Thomas P. Brown
Thomas P. Brown

Attorneys for Defendant
eBay Inc.

**ATTESTATION**

Pursuant to Civil Local Rule 5-4.3.4, the filer attests that the above signatories concur in the contents of this document and have authorized its filing.